UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Byanka AGUIRRE; and | |
| Mohamed Amine BENHRIMA | Case No.: |
| Plaintiffs, | |
| v. | |
| DONALD J. TRUMP, IN HIS OFFICAL CAPACITY, PRESIDENT OF THE UNITED STATES OF AMERICA; | |
| KRISTI NOEM, SECRETARY U.S. DEPARTMENT OF HOMELAND SECURITY, | Hon. _____ |
| | **WRIT OF MANDAMUS AND COMPLAINT FOR DECLARITORY AND INJUCTIVE RELIEF** |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | |
| KIKA SCOTT, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES | |
| ANDREW DAVIS, ACTING DEPUTY DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES | |
| Defendants. | |

COME NOW the Plaintiffs, and, for their Complaint against the Defendants, allege as follows:

**I. INTRODUCTION & FACTUAL BACKGROUND**

1. A visa petition may be denied pursuant to INA § 204(c) where there is evidence in the record to indicate that an alien previously conspired to enter into a fraudulent marriage. Matter of Laureano, 19 I. & N. Dec. 1 (BIA 1983). Section 204(c) of the Immigration and Nationality Act states in relevant part:
    (c) Notwithstanding the provisions of subsection (b) no petition shall be approved if
    (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws or
    (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

    8 U.S.C. § 1154(c). A marriage is fraudulent for purposes of § 1154(c) if the couple did not "intend to establish a life together at the time they were married." *Matter of Laureano*, 19 I. & N. Dec. 1, 2-3 (BIA 1983).

2. Plaintiff Byanka Aguirre (hereinafter "Plaintiff Aguirre") is a citizen of the United States of America.

3. Plaintiff Mohamed Amine Benhrima (hereinafter "Plaintiff Mohamed Amine Benhrima") is a citizen of Morocco.

4. Plaintiffs are Husband and Wife.

5. Plaintiff, Mohamed Amine Benhrima, entered the United States on December 5, 2013, as a student holding F-1 visa status.

6. While Mr. Benhrima was still a student, he met his former spouse Ms. Jama Zamzam ("Ms. Zamzam") and the couple married on June 11, 2014 in Columbus, Ohio.

7. On July 24, 2014 Ms. Zamzam and the Plaintiff Mohamed Amine Benhrima concurrently filed Forms I-130, Petition for Alien Relative, and Form I-485, Application to Register Permanent Residence or Adjust Status, with the US Citizenship & Immigration Services ("USCIS") thereby paying all appropriate filing fees.

8. After reviewing the petition and application the USCIS acted in bad faith in issuing the Notice of Intent to Deny (NOID) Plaintiff Mohamed Amine Benhrima I-130 with Ms. Zamzam when all indications appeared to favor approval. In response to the NOID and on July 30 2019, Ms. Zamzam submitted a lengthy affidavit in which she confirmed that her marriage to Plaintiff Mohamed Amine Benhrima was entered into in good faith and that she loves her husband and wished her petition to be approved.

9. According to USCIS, on May 8, 2015, Ms. Zamzam appeared at the Columbus Field Office and gave a sworn statement in which she stated that she wished to withdraw her Form I-130. The record, however, shows the date of the purported statement to be May 7, 2015. This withdrawal was due to the enormous strain on the marriage caused by the USCIS's bad faith actions in withholding approval of the aforementioned Form I-130 and subsequent NOID.

10. In requesting the withdrawal, Ms. Zamzam claimed that the Plaintiff Mohamed Amine Benhrima entered her home using a spare key and assaulted her which a court action in the Common Pleas Court of Franklin County was later dismissed., and that she and the Plaintiff Mohamed Amine Benhrima were no longer living together and that the sole purpose of their marriage was so that the Plaintiff Mohamed Amine Benhrima could obtain permanent resident status in the U.S.

11. On May 12, 2015, USCIS acknowledged Ms. Zamzam's request to withdraw her I-130 petition and, on the same date, the Plaintiff Mohamed Amine Benhrima's Form I-485 was denied.

12. Ms. Zamzam and the Plaintiff Mohamed Amine Benhrima later divorced October 30, 2015.

13. On August 3, 2016, the Plaintiff Mohamed Amine Benhrima was issued a Notice to Appear (NTA) and later ordered removed in absentia for failing to appear at his initial hearing on September 7, 2016.

14. On August 10, 2016, Plaintiff, Ms. Aguirre and the Plaintiff Mohamed Amine Benhrima married in Columbus, Ohio.

15. On December 9, 2016, Ms. Aguirre and the Plaintiff Mohamed Amine Benhrima concurrently filed Form I-130, Petition for Alien Relative, and Form I-485, Application to Register Permanent Residence or Adjust Status. The filing, which was prepared by the couple's prior counsel, Rateb (Ron) Khasawneh, included, among the supporting documents a copy of a sworn Affidavit submitted by the Plaintiff Mohamed Amine Benhrima's former spouse, Ms. Zamzam. USCIS was aware of this affidavit which refuted Ms. Zamzam's prior statement at the time she withdrew her I-130. USCIS should have informed ICE counsel about the existence of this letter but ICE continued to contend that the marriage was fraudulent to the Immigration Judge in bad faith.

16. The Affidavit, dated July 20, 2015, states:
    I, the undersigned, Zamzam Khalif Jama, DOB: 11/07/1983, under the penalty of perjury, state the following:

    That I have been married to Amine Benhrima, a citizen and national of Morocco.
    Amine and I were married in Columbus, Ohio on June 11, 2014.
    Amine and I lived together from the time we were married until we separated on or about the end of March 2015. We lived together as husband and wife.

> I married Amine in good faith and not for immigration purposes.
> Sometime in May 2015 I went to the Immigration Office and talked to an Immigration Officer about my relationship with Amine. I was angry with Amine so I falsely told the officer that my marriage to Amine was not genuine and was for the purpose of getting Amine immigration benefits. That is not true. I only said that because I was mad at him.
> I also filed a CPO against him. The incident I described in my CPO complaint never happened. I made it all up because I was mad at him. I did not go to court and the CPO complaint was dismissed.
> I am willing to appear and testify to the contents of this affidavit. I feel really bad because I made up things only because I was angry with my husband.
> I offer my apologies to USCIS, the Domestic Court and especially to Amine.
> Id.,

17. On September 7, 2016 the Plaintiff Mohamed Amine Benhrima was ordered removed from the United States and was removed in absentia on June 6, 2017.

18. Upon doing Plaintiff Mohamed Amine Benhrima biometrics, Immigration and Customs Enforcement ("ICE") Officers came to Plaintiff Mohamed Amine Benhrima's home and detained Plaintiff Mohamed Amine Benhrima. Plaintiff Mohamed Amine Benhrima had no idea about the removal proceedings. Further, they detained him although USCIS had in its records Ms. Zamzam's affidavits which, at the very least, contradicted the existence of bad faith marriage.

19. Plaintiff Mohamed Amine Benhrima's attorney filed a Motion to Reopen the proceedings on January 13, 2017 because Plaintiff Mohamed Amine Benhrima married a US Citizen and because Plaintiff Mohamed Amine Benhrima never received the notice of the court hearing.

20. The Department of Homeland Security's ("DHS") counsel opposed the reopening in **bad faith**, claiming that Plaintiff Mohamed Amine Benhrima's prior marriage was a sham. Later, the USCIS approved the I-130 filed by Ms. Byanka Aguirre. USCIS' subsequent approval of the I-130 filed by Ms. Byanka Aguirre is prima facie evidence that the marriage was not in entered into in bad faith. Plaintiff Mohamed Amine Benhrima's I-130 with Byanka is proof that Plaintiff Mohamed Amine Benhrima's marriage to Ms. Zamzam was not sham.

21. The Immigration Judge on March 23, 2017 denied the motion to reopen and Plaintiff Mohamed Amine Benhrima was subsequently removed to Morocco. Relying heavily on DHS assertions and opposition to reopening the proceedings to allow Plaintiff Mohamed Amine Benhrima his day in court as required by the US Constitution in bad faith.

22. On May 1, 2019, nearly two and a half years after Ms. Aguirre submitted her I-130 petition she was interviewed by USCIS at the Cleveland Field Office. Following a review of the evidence submitted with the petition and the testimony provided during the interview, on May 21, 2019, USCIS determined that Ms. Aguirre established by clear and convincing evidence that her

marriage to the Plaintiff Mohamed Amine Benhrima was entered into in good faith. The USCIS acted in bad faith in issuing a Notice of Intent to Deny (NOID) Plaintiff Mohamed Amine Benhrima I-130 with Ms. Zamzam when all indications appeared to favor an approval. Here, DHS also acted in bad faith in delaying the petition and in issuing the NOID.

23. On July 2, 2019, more than two and a half years after Ms. Aguirre submitted her I-130 petition, and more than two years since Plaintiff Mohamed Amine Benhrima was removed from the United States, USCIS issued a Notice of Intent to Deny (2019 NOID) Ms. Aguirre's petition based on INA section 204(c), attached as Exhibit 1.

24. On July 30, 2019, Ms. Aguirre, through former counsel, Kevin Zamora, timely responded to the 2019 NOID. The response included a lengthy statement from Attorney Zamora, rebutting Officer's adverse finding, and additional documents submitted as evidence that the Beneficiary's marriage to former spouse, Ms. Zamzam was entered into in good faith, but that ultimately terminated due to Ms. Zamzam's mental instability.

25. Attorney Zamora's statement and the supporting documents submitted in response to the 2019 NOID included as follows: (1) Copy of NOID; (2) Form G-28; (3) Photographs documenting the relationship that occurred between Plaintiff Mohamed Amine Benhrima and Ms. Zamzam; (4) Franklin County Municipal Court documents attesting to the unfitness of Ms. Zamzam to stand trial or to participate in her own defense, as well as multiple violent offenses she is accused of committing; (5) A document notated by officer William De Fluri, in which Ms. Zamzam testified under oath that Beneficiary never offered her money in exchange for marrying him, which implicates that Ms. Zamzam agreed to marry Plaintiff Mohamed Amine Benhrima after described process of their dating and courtship and implies that the relationship was induced naturally and in good faith; (6) Records that Ms. Zamzam was detained in Franklin County Corrections Center as a result of vandalism, harassment and probably cause; (7)-(11) Affidavits/Letters from friends, co-workers.

26. On August 13, 2019, Field Office Director issued a Decision denying Ms. Aguirre's I-130 petition (hereinafter "2019 denial"), USCIS concluded that "based on review of the entire record" Ms. Aguirre failed to establish that the Beneficiary's prior marriage to Ms. Zamzam was bona fide and not entered into in order to circumvent immigration laws in bad faith so that the Plaintiff Mohamed Amine Benhrima could obtain permanent resident status. The denial was issued in bad faith despite the overwhelming evidence pointing to the existence of good faith marriage between Plaintiff Benhrima and his former spouse Ms. Zamzam.

27. On August 27, 2020, Plaintiffs sought Administrative Procedure Act judicial review of Defendant USCIS's adverse decision. "On February 10, 2021, while this case was pending, Defendant USCIS informed Plaintiffs in writing that it had reopened Plaintiffs' case and approved Plaintiffs' I-130

Petition and the action was dismissed as moot since the I-130 was approved" as Ordered by Judge Gwin. (Exhibit 2).

28. After litigation that was brought stemming from the 2019 denial, on February 10, 2021 DHS issued a Form I-797C Notice of Action Approving I-130 submitted by Ms. Aguirre on December 9, 2016. (Exhibit 3) The approval of the I-130 is prima facie evidence that DHS acted in bad faith in issuing the NOID with Ms. Zamzam in the first place and then using that as it's primary basis for acting in bad faith along the whole process Plaintiffs have been going through including but not limited to; that the marriage between Plaintiff Mohamed Amine Benhrima and Ms. Zamzam was not entered into in bad faith; that the DHS attorneys acted in bad faith in suggesting to the Immigration Judge in its memorandum in opposition to reopening Plaintiff Mohamed Amine Benhrima's marriage to Ms. Zamzam was entered into in bad faith; that DHS acted in bad faith in issuing the NOID on Byanca's I-130; and finally in ultimately denying her I-130, before their subsequent approval of the I-130. Therefore, no I-212 waiver is needed to be filed in the case.

29. An I-212 waiver, officially known as the "Application for Permission to Reapply for Admission into the United States After Deportation or Removal," is needed when someone who has been deported or removed from the U.S. seeks to re-enter the country before the standard waiting period for re-entry has passed. This waiver essentially asks for permission to apply for a visa or other form of admission despite the previous removal order.

30. DHS acted in bad faith throughout this entire process and that Plaintiff Mohamed Amine Benhrima should have been approved with Ms. Zamzam that DHS bad faith should not be the cause for him to file an I-212. An I-212 takes years to be adjudicated and his removal is the fruit of the poisonous tree which was in bad faith by DHS.

31. Subsequent to the I-130 approval described in Paragraph 20, Plaintiffs processed their immigrant visa application through the National Visa Center which resulted in an interview at the US Consulate in Casablanca. There was not an U.S. Embassy/Consulate General interview of Plaintiff Mohamed Amine Benhrima until March 7, 2023 in Casablanca, Morocco. See (Exhibit 4)

32. Since the interview on March 7, 2023, there has been no action by any governmental agency to admit Plaintiff Mohamed Amine Benhrima back to the United States even after years of communication with various entities including the state representative and U.S. Counselor's office, which brings rise to this action by the Plaintiffs.

33. Plaintiff Mohamed Amine Benhrima is still not together with his wife Plaintiff Aguirre in the U.S as there has been no action taken by any governmental agency to address the issue at hand even though Plaintiff Mohamed Amine Benhrima is admissible by the letter of the law.

## II. JURISDICTION AND VENUE

34. This Jurisdiction in this case is proper under 5 U.S.C. §§551 and 701, et seq. (Administrative Procedures Act). This Court has original jurisdiction under 28 U.S.C. §1331 (federal subject matter jurisdiction) and 28 U.S.C. § 1361 (jurisdiction over action for mandamus). The USCIS decision also violated Plaintiff's due process rights under the Fourteenth Amendment of the U.S. Constitution.

35. Jurisdiction is further alleged pursuant to 28 U.S.C. §1361.

36. This Court is competent to adjudicate this case, notwithstanding the so-called doctrine of consular non-reviewability, because Defendants' lack of decision on Plaintiff Mohamed Amine Benhrima's Immigrant Visa Application supported or properly adjudicated by a facially legitimate and bona fide reason. *See Kleindienst v. Mandel,* 408 U.S. 753 (1972); *Bustamante v. Mukasey,* 531 F.3d 1059 (9th Cir. 2008).

37. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because Defendants are officers or employees of the United States or agencies thereof acting in their official capacities. Substantial part of the events or omissions giving rise to the claims occurred in this district, where Plaintiff Ms. Aguirre resided, and where Defendants have agents and routinely conduct business.

38. Defendant's application of the Immigration and Nationality Act "INA" 204(c) inadmissibility ground to Plaintiff Mohamed Amine Benhrima's Immigrant Visa application is not based on a facially legitimate or bona fide reason and for reasons stated above, the Court should determine that the Plaintiff Mohamed Amine Benhrima does not need to file an I-212 and not inadmissible.

39. There is no evidence in the record and as the facts above show, to support a finding that Plaintiff Mohamed Amine Benhrima is inadmissible pursuant to INA 204(c).

40. In finding Plaintiff Mohamed Amine Benhrima Ordered removed, Defendants acted contrary to law to continue to refuse to act on his admissibility to the United States.

41. Because Defendants found Plaintiff Mohamed Amine Benhrima removed without any facially legitimate or bona fide reason, this Court may review the evidence in the record to determine whether it is legally sufficient to sustain the finding of removal or that the Plaintiff Mohamed Amine Benhrima does not need to submit an I-212 waiver or any further action needs to be taken by Plaintiffs.

42. Defendants' actions cause Plaintiff Aguirre emotional and financial hardship.

43. Defendants' actions cause Plaintiff Mohamed Amine Benhrima emotional and financial hardship.

44. Defendants' actions unlawfully infringe upon Plaintiffs' liberty interest to make personal choices with regard to family matters, free from unjustifiable government interference in violation of Plaintiffs' right to substantive due process guaranteed by the Fifth Amendment of the United States Constitution.

45. Plaintiffs have acquired a constitutionally protected due process interest in the processing of Plaintiff Mohamed Amine Benhrima's Application for Immigrant Visa Resident Status.

46. Defendants' actions unlawfully infringe upon Plaintiffs and Plaintiff Mohamed Amine Benhrima's interest in having his application for Application for Immigrant Visa Resident Status adjudicated in a manner consistent with his constitutional protected due process interests.

47. Defendants' actions unlawfully infringe upon Plaintiffs and Plaintiff Mohamed Amine Benhrima's interest in having his Application for Immigrant Visa Resident Status adjudicated consistent with the law.

48. The injury suffered by Plaintiff Mohamed Amine Benhrima is caused by the Defendants.

49. Plaintiff Mohamed Amine Benhrima, will not be admitted to the United States as an Application for Immigrant Visa Resident Status and will continue to suffer injury as the Consular's office refuses to give a determination nor any of the Defendants.

50. The injury suffered by Plaintiffs is likely to be redressed if they prevail in this lawsuit.

51. The injury suffered by Plaintiffs is likely to be redressed if they prevail in this lawsuit.

52. Venue is proper in the Northern District of Ohio under 28 U.S.C. §1391(e)(1).  This case is a civil action in which a defendant is an officer or employee of the United States or any agency thereof; Defendants do business in The Northern District of Ohio.

### III. PARTIES

53. Plaintiff Byanka Aguirre, a U.S. citizen, lives in Mansfield, Ohio.  Ms. Aguirre is the petitioner who filed the I-130 Petition on behalf of her husband, Mr. Benhrima.

54. Plaintiff Mohamed Amine Benhrima, a native and citizen of Morocco, lives in Morocco.  He is the Beneficiary of the approved I-130 Petition filed by his wife Ms. Aguirre.

55. Defendant United States of America is responsible for the adjudication of the immigration petitions, including I-130 petition filed by Plaintiff, Mrs. Aguirre on behalf of her husband, Plaintiff Mohamed Amine Benhrima.

56. Defendant Kristi Noem is the Secretary of the U.S. Department of Homeland Security ("DHS"). Defendant Noem is sued in her official capacity.

57. Defendant DHS is a Department of the United States government.

58. Defendant Kika Scott is the Senior Official Performing the Duties of the Director of U.S. Citizenship and Immigration Services ("USCIS"). Defendant Scott is sued in her official capacity.

59. Defendant Andrew Davis is the Acting Director of the USCIS. Defendant Davis is sued in his official capacity.

### IV. CLAIMS FOR RELIEF

**First Claim for Relief – Due Process Violation**

60. The allegations contained in paragraphs 1 through 59 are repeated and realleges as if fully set forth herein.

61. Plaintiff Mohamed Amine Benhrima has a liberty interest in the sanctity of family and living together with his Wife, protected by the United States Constitution. Defendants' removal of Plaintiff Mohamed Amine Benhrima violated the requirements of Due Process, as well as no explanation of inaction by the Defendants on the case for over two (2) years now. Plaintiffs seeks a **declaratory judgment** that their Due Process rights were violated by Defendants when DHS denied Mohamed Amine Benhrima's visa application, then later approved Plaintiff Aguirre's I-130 sufficiently showing the Plaintiff Mohamed Amine Benhrima is admissible and should be a lawful permanent resident.

**Second Claim for Relief – Immigration and Nationality Act**

62. The allegations contained in paragraphs 1 through 59 are repeated and realleged as if fully set forth herein.

63. Defendants' factual finding that Plaintiff Mohamed Amine Benhrima was removed violates the INA. The Immigrant Visa Application remains unadjudicated by the US Consulate in Casablanca now since March of 2023 violates the Immigration and Nationality Act.

**Third Claim for Relief – Administrative Procedure Act**

64. The allegations contained in paragraphs 1 through 59 are repeated and realleged as if fully set forth herein.

65. A finding that Plaintiff Mohamed Amine Benhrima's removal from the United States was a result of Defendants' bad faith and that it was unsupported by substantial evidence and the facts in violation of 5 U.S.C. §706(2)(E) and (F).

66. Defendants' determination that Plaintiff Mohamed Amine Benhrima is removable and was removed constitutes an arbitrary and capricious agency action in violation of 5 U.S.C. §706(2)(A).

67. Defendants' factual finding that Plaintiff Mohamed Amine Benhrima was removed is the result of the agency's failure to investigate in violation of 5 U.S.C.§706(2)(A).

68. Plaintiffs seek a declaratory judgment that Plaintiff Mohamed Amine Benhrima is not inadmissible.

**Fourth Claim for Relief – Lack of Facially Legitimate and Bona Fide Reason**

69. The allegation contained in paragraphs 1 through 59 are repeated and realleged as if fully set forth herein.

70. There is no facially legitimate and bona fide reason supporting the Defendants' determination that Plaintiff Mohamed Amine Benhrima was removed in absentia, then later approved Plaintiff Aguirre's I-130 sufficiently showing USCIS' subsequent approval of the I-130 filed by Ms. Byanka Aguirre is prima facie evidence that the marriage to Ms. Zamzam was not entered into in bad faith. Plaintiff Mohamed Amine Benhrima's I-130 with Byanka which is proof that Plaintiff Mohamed Amine Benhrima's marriage to Ms. Zamzam was not sham the Plaintiff Mohamed Amine Benhrima is admissible and his Application for Immigrant Visa Resident Status be approved and no I-212 needs to be filed in the current matter.

71. Throughout the entire adjudication of all his processes with the USCIS starting with Ms. Zamzam the USCIS acted in bad faith, that when ICE picked Plaintiff Mohamed Amine Benhrima up, USCIS which is its sister agency had sufficient evidence pointing to the existence of good faith marriage, and therefore, they acted in bad faith. Further, the DHS lawyers acted in bad faith in continuing to assert that his marriage to Ms. Zamzam was fraudulent for all these reasons, Plaintiff Mohamed Amine Benhrima should not be burdened with filing an I-212. Plaintiffs wish the court to declare that because of the agency's bad faith throughout all of these proceedings, an I-212 application in the current matter should not be required due to the approval of Plaintiff's I-130.

**Fifth Claim for Relief – Bad Faith**

72. The allegations contained in paragraphs 1 through 59 are repeated and realleged as if fully set forth herein.

73. Defendants' determination that Plaintiff Mohamed Amine Benhrima was removed was made in bad faith in connection with DHS determining that Plaintiff Mohamed Amine Benhrima's first

marriage was a "sham" marriage and also, in continuing to take no action in this matter when then later approved Plaintiff Aguirre's I-130 sufficiently showing the Plaintiff Mohamed Amine Benhrima is admissible and should be a lawful permanent resident.

## V. PRAYER FOR RELIEF

**The Plaintiffs request the Court to grant the following relief:**

A. Declare that the Defendants' violated the Due Process rights of Plaintiffs;

B. Declare that the Defendants' actions violates the Immigration and Nationality Act;

C. Declare that the Defendants' actions violates the Administrative Procedure Act;

D. Declare that the Defendants' actions has no facially legitimate and bonafide reason;

E. Declare that the Defendants' actions was made in bad faith;

F. Enjoin Defendants from barring Plaintiff Mohamed Amine Benhrima's admission into the United States;

G. Injunctive relief from the U.S. Counselor's Office or Embassy from making any determinations or actions in the matter;

H. Compel the consulate to approve Plaintiff Mohamed Amine Benhrima's immigrant visa application;

I. Declare that an I-212 is not needed to be submitted by Plaintiff Mohamed Amine Benhrima in the current matter;

J. Order a Writ of Mandamus to approve Plaintiff Mohamed Amine Benhrima's immigrant visa application;

K. Award reasonable costs and attorney fees; and

L. Grant such other relief as the Court may deem just and proper.

Dated this 18th day of September, 2025.

Respectfully Submitted,

/s/Ghassan M. Shihab\_\_\_
Ghassan (Gus) M. Shihab
Ohio Bar Number: 0061098
Eric Dennis Ricker
Ohio Bar Number 0097733
Law Firm of Shihab & Associates
5925 Wilcox Pl. Ste A
Dublin, Ohio 43016
Tel. 614-255-4872
Fax. 614-255-4870
Email: gus@shihab.law
　　　　ericker@shihab.law

Counsel for Plaintiffs

## **INDEX OF EXHIBITS**

**Exhibit 1:**    Copy of Notice of Intent to Deny (2019 NOID) Ms. Aguirre's petition based on INA section 204(c)

**Exhibit 2:**    Copy of Order by Judge Gwin.

**Exhibit 3:**    Copy of February 10, 2021 DHS issued Form I-797C Notice of Action Approving I-130 submitted by Ms. Aguirre on December 9, 2016.

**Exhibit 4:**    Copy of Email setting up U.S. Embassy/Consulate General Interview.

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, the foregoing *Complaint* was served on the following through the CM/ECF system:

**DONALD J. TRUMP, IN HIS OFFICAL CAPACITY, PRESIDENT OF THE UNITED STATES OF AMERICA;**

**KRISTI NOEM, SECRETARY U.S. DEPARTMENT OF HOMELAND SECURITY,**

**U.S. DEPARTMENT OF HOMELAND SECURITY,**

**KIKA SCOTT, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES**

**ANDREW DAVIS, ACTING DEPUTY DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES**

Respectfully Submitted,

/s/Ghassan M. Shihab\_\_\_
Ghassan (Gus) M. Shihab
Ohio Bar Number: 0061098
Eric Dennis Ricker
Ohio Bar Number 0097733
Law Firm of Shihab & Associates
5925 Wilcox Pl. Ste A
Dublin, Ohio 43016
Tel. 614-255-4872
Fax. 614-255-4870
Email: gus@shihab.law
       ericker@shihab.law

Counsel for Plaintiffs